**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JUSTIN MARTINEZ,               )
                                   )   No. 23-cv-813
         Plaintiff,          )
                                     )
           v.               )   Judge Robert J. Colville
                                     )
CASEY LONG,              )
                                     )
         Defendant.        )

<u>**MEMORANDUM OPINION**</u>

Robert J. Colville, United States District Judge

        Before the Court is a Motion to Dismiss (ECF No. 12) filed by Defendant Casey Long in this matter. Defendant moves to dismiss the claim set forth against him in the Amended Complaint (ECF No. 11) filed by Plaintiff in the above-captioned action. This case represents one of thirteen cases filed by Plaintiff that are currently pending before the undersigned. Several of those cases, including this one, arise out of or involve Plaintiff's attempts to protest against "bullying" on or near Derry Area School District (the "District") property on November 7, 2019 and a subsequent criminal case that resulted from Plaintiff's conduct on that date. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.

I.      **Background**

Plaintiff filed his Amended Complaint after now-retired Magistrate Judge Lisa Pupo Lenihan, to whom this case was originally assigned,[1] entered a Memorandum Order granting Defendant's Motion for More Definite Statement (ECF No. 3) on June 21, 2023.[2]  Defendant filed his Motion to Dismiss, along with a Brief in Support (ECF No. 13), on July 17, 2023.  Plaintiff filed a Response (ECF No. 15) to the Motion to Dismiss on August 7, 2023.  No reply was filed, and the Court considers the Motion to Dismiss to be fully briefed and ripe for disposition.

While the Court is required to liberally construe Plaintiff's pleadings, the Court notes, as it has in all of Plaintiff's cases, that Plaintiff's manner of pleading results in a complaint that is, respectfully, difficult to follow at times, if not unintelligible.  That said, the Court outlines the relevant allegations in the Complaint as follows:

Defendant is the principal of the District.  ECF No. 11 at ¶ B.2.  Plaintiff alleges that Defendant conspired with both local and state police, the District, at least one attorney, one assistant district attorney, and one judge within the judicial system to deprive Plaintiff of his rights under the United States Constitution.  *Id.* at ¶¶ B.3-13.  On November 7, 2019, Plaintiff conducted what he characterizes as a "peaceful" and "lawful" protest at Defendant's place of employment, i.e. the District.  *Id.* at ¶ D.1.  In response to Plaintiff's protest, Defendant made multiple phone calls to report Plaintiff's conduct to the police, alleging that Plaintiff had trespassed on District property.  ECF No. 11 at ¶ D.1.  The police eventually reported to the District following these phone calls.  When police arrived at the scene, certain Pennsylvania State Police ("PSP"), Derry

---

[1] Judge Lenihan recused from all of the cases filed by Mr. Martinez following his filing of a complaint against Judge Lenihan at Civil Action No. 23-1405.

[2] The Amended Complaint was docketed twice, once at ECF No. 11 and once at ECF No. 18.  Because the documents are identical, the Court will refer only to the document at ECF No. 11.

Police Department, and District employees were audio and video recorded by PSP during the course of a conversation wherein a member of the education/school board allegedly "conspired" with police. *Id.* at ¶ D.2. As a result of Defendant's phone calls to the police, Plaintiff was told that he would be arrested if he did not leave the location where he was protesting. *Id.* at ¶ D.3.

On November 19, 2019, Plaintiff attempted to lodge a criminal complaint to PSP respecting Defendant's phone calls on November 7, 2019. ECF No. 11 at ¶ D.4. While trying to lodge his complaint, Plaintiff was "attacked" by PSP Corporal Judson Shephard and placed in jail. *Id.* Approximately two weeks after Plaintiff's protest, he was arrested and charged by PSP for criminal trespassing and disorderly conduct in relation to the November 7, 2019 protest. *Id.* at ¶ D.5. The Westmoreland County District Attorney ultimately pursued criminal charges against Plaintiff. *Id.* at ¶ D.6. As a result of Defendant's phone calls, the District obtained a restraining order preventing Plaintiff from being within 200 feet of the District's property. *Id.* at ¶ D.7. Plaintiff was terminated from his employment following the publishing of a newspaper article discussing the November 7, 2019 incident. *Id.* at ¶ D.9.

During the course of Plaintiff's criminal case, Plaintiff avers that Defendant testified that his reports to law enforcement that Plaintiff had trespassed on District property were false. ECF No. 11 at ¶ D.8. Plaintiff further asserts that Defendant falsely testified during Plaintiff's criminal trial that he believed District students were not safe due to Plaintiff's presence on November 7, 2019 because nobody at the District knew Plaintiff's identity on that date. *Id.* at ¶ D.10. Plaintiff believes that this statement was false because Defendant identified Plaintiff to police during Defendant's phone calls and because Defendant participated in a meeting respecting Plaintiff's protest prior to Plaintiff's arrival on November 7, 2019. *Id.* at ¶ D.11. Plaintiff avers that the actions of Defendant have resulted in a criminal prosecution that involved Plaintiff being placed

on house arrest for 300 days and being subjected to mental health evaluations, the loss of Plaintiff's employment, his retirement from street protesting, legal costs, mental anguish, and undiagnosed post-traumatic stress disorder.  *Id.* at ¶ E.1-6.

## II.    Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).   In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A "formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

"If a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed" in a civil rights case, a court must permit amendment unless it would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This is also true where a plaintiff does not request leave to amend. *See Grayson*, 293 F.3d at 108 ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to

dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

The Court again notes that Plaintiff is proceeding pro se and, as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

### III.   Discussion

Defendant first argues that Plaintiff's Section 1983 claim should be dismissed because, under the facts alleged in Plaintiff's Amended Complaint, the statute of limitations for such a claim expired prior to Plaintiff filing the instant action. The running of the statute of limitations is an affirmative defense, and "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017 (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." *Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480

(3d Cir. 2014) (citing *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir.2009)).  "The date of accrual in a § 1983 action is determined by federal law."  *Id*.  A cause of action accrues under federal law "when the plaintiff knew or should have known of the injury upon which the action is based."  *Id*. With respect to accrual, the Third Circuit has explained:

> The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known.  *Barren v. United States*, 839 F.2d 987, 990 (3d Cir.1988).  As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury.  *See United States v. Kubrick*, 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).  "The cause of action accrues even though the full extent of the injury is not then known or predictable.  Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief."  *[Wallace v. Kato*, 549 U.S. 384, 391 (2007)].

*Kach*, 589 F.3d at 634–35.

The Court agrees that Plaintiff's Section 1983 claim against Defendant is time-barred. Plaintiff's claims against Defendant arise from a protest that led to Plaintiff's arrest on November 7, 2019.  Defendant allegedly made two false reports to police on that date and conspired with the police to have Plaintiff arrested.   While Plaintiff alleges that Defendant testified at his trial in August of 2022, the Court agrees that Plaintiff fails to allege a new or additional injury with respect to that allegation.[3]  Rather, the appropriate date for purposes of determining when Plaintiff's cause of action accrued is the date of the alleged false reports to police which set Plaintiff's criminal prosecution in motion.  A reasonable person would or should have known of the injury at issue on November 7, 2019.  Plaintiff filed his original complaint on May 4, 2023, more than three (3) years after the alleged incident.  It is thus apparent from the face of Plaintiff's Amended Complaint that

---

[3] Indeed, Plaintiff alleges that Defendant testified truthfully at the trial that he did not personally observe Plaintiff criminally trespassing on school property. Resp. 9, ECF No. 15.  Further, "[w]itnesses, including public officials and private citizens, are immune from civil damages based upon their testimony."  *Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) (citing *Briscoe v. LaHue*, 460 U.S. 325, 341, 345–46 (1983)).

his Section 1983 claim is time-barred, and, accordingly, that claim will be dismissed with prejudice.  The Court also agrees that this action is duplicative of Plaintiff's case at 2:23-cv-610.

The Court further notes that Plaintiff fails in any regard to allege concrete, non-conclusory facts that could possibly support his allegations of a conspiracy to violate his rights under the Constitution.  To state a Section 1983 claims for conspiracy:

> [A] plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1377 (3d Cir. 1992); *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir.1989).  The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch,* 914 F.2d 428, 432 n. 8 (3d Cir.1990).
>
> The essence of a conspiracy is an agreement or concerted action between individuals. *See D.R. by L.R.,* 972 F.2d at 1377.  A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *See D.R. by L.R.,* 972 F.2d at 1377; *Rose,* 871 F.2d at 366.  Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge,* 771 F.2d 1168, 1170 (8th Cir. 1985).  A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann,* 926 F.2d 1396, 1405, n. 16 (3d Cir. 1991).

*Matthews v. Beard*, No. CIV.A. 11-221J, 2012 WL 2192225, at *6 (W.D. Pa. June 14, 2012).  While Plaintiff makes consistent reference to a "conspiracy," it is clear that his allegations rely on the assumption that any adverse action taken against him during the course of his arrest and criminal proceedings was the result of conspiracy.  "[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting In *re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).  Plaintiff fails to allege facts that plausibly suggest a meeting of the minds, an agreement, or concerted activity by co-conspirators.  Rather, he summarily points to aspects of his arrest and criminal prosecution that he takes issue with while

labeling every participant as a co-conspirator.  Such conclusory averments are far from sufficient to state a claim for conspiracy.

To the extent Plaintiff attempts to assert additional claims under the federal criminal code by way of his Response to the Motion to Dismiss, the Court notes that there is no private right of action under Section 241 or 242.  *See Walthour v. Herron*, No. CIV.A.10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) ("In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951.  These statutes do not provide a private right of action under which Plaintiff may sue." (citation omitted)).  Further, any claims under 18 Pa.C.S.A. § 2709 (Harassment); 18 Pa.C.S.A. § 4953 (Retaliation against witness, victim or party); and 18 Pa.C.S.A. § 4304 (Endangering the welfare of children) are based upon sections of the Pennsylvania criminal code under which no private right of action exists.  *See Matthews*, 2012 WL 2192225, at *7 (finding no private right of action for harassment and explaining that "these are criminal statutes which do not create a private right of action, and 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *see also Dooley v. City of Philadelphia*, 153 F. Supp. 2d 628, 664 (E.D. Pa. 2001) (no private right of action under 18 Pa.C.S.A. § 4953); *Doe 203 v. Archdiocese of Philadelphia*, September Term, 2012 No. 1935, 2013 WL 8338870, at *8 (Pa. Com. Pl. June 13, 2013) (no private right of action under 18 Pa.C.S.A. § 4304).  Any claim for discrimination would be required to be brought pursuant to Section 1983, and not 16 Pa. Code §49.101, which requires that any contract entered into by the Commonwealth of Pennsylvania contain a nondiscrimination clause.  Finally, 204 Pa. Code Rule 8.4 is a section of the Rules of Professional Conduct for Pennsylvania attorneys.  Plaintiff has not stated a claim under any of these various theories in his Amended Complaint.

Amendment as to any of Plaintiff's claims would be futile for the reasons stated herein. It further bears noting Plaintiff has filed thirteen cases in this District, and has failed to state a claim in any of his actions.  In certain of those actions, including this one, he was permitted to file an amended complaint, and still failed to set forth allegations to support a single cause of action.  The same further suggests to this Court that permitting amendment would be futile, and Plaintiff's Amended Complaint in this matter will thus be dismissed with prejudice.

## IV.    Conclusion

For the reasons discussed above, the Court will grant the Motion to Dismiss.  Plaintiff's Amended Complaint will be dismissed with prejudice.  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: February 5, 2024

cc:      All counsel of record

Justin Juan De La Cruz Martinez
502 N 12th Ave
Albany, IL 61230

10